# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

WISCONSIN SHEET METAL WORKERS
HEALTH AND BENEFIT FUND,
MILWAUKEE AREA SHEET METAL
JOURNEYMEN AND APPRENTICESHIP
TRAINING FUND, and PATRICK LANDGRAF,
in his capacity as Trustee,


SHEET METAL WORKERS
NATIONAL PENSION FUND,
SHEET METAL OCCUPATIONAL
HEALTH INSTITUTE TRUST FUND,
 and BOARD OF TRUSTEES,
SHEET METAL WORKERS
NATIONAL PENSION FUND,

            **Plaintiffs,**

  v.                                                       **Case No. 11-C-641**

CC INSTALLATIONS, INC.,

            **Defendant.**

## DECISION AND ORDER

      This matter is before the Court on the Plaintiffs' motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). They have filed an affidavit of counsel with attached exhibits in support of their claims for damages, attorney fees, and costs.

The Plaintiffs request that this Court enter default judgment on their Complaint against the Defendant, CC Installations, Inc. ("CC"), finding that it violated the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, 1145; and the effective collective bargaining agreement by failing to pay fringe benefit contributions on behalf of its employees. The Plaintiffs seek judgment assessing the "total damages" against CC of $13,164.02 for unpaid contributions, interest, liquidated damages for the audit period from January 1, 2005, through May 31, 2007, and for attorney fees and costs incurred in the prosecution of this matter.

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgment. The rule outlines a two-step process. The first step is that under Rule 55(a), the moving party must file a motion for entry of default by the Clerk of Court demonstrating that the opposing party has failed to answer or otherwise respond to the complaint. Fed. R. Civ. P. 55(a). The second step is that, once the Clerk of Court has entered a default, the moving party may then seek entry of a default judgment against the defaulting party. *See* Fed. R. Civ. P. 55(b).

The Clerk of Court entered default against CC on October 31, 2011. Consequently, the action is in the proper procedural posture for this Court to exercise its discretion with respect to the Plaintiffs' motion for the entry of default judgment under Rule 55(b)(2). *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993).

2

In resolving the motion, this Court may consider factors including the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are present, whether the default is largely technical, whether the plaintiffs have been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. *See* 10A Charles Alan Wright, Arthur R. Miller, & Mary Ann Kane, *Federal Practice & Procedure*, Civil 3d § 2685 (3d ed. 2007). This action involves a relatively small amount of money if considered in the context of disputes that come before the Court. There are no material issues of fact or issues of substantial public importance. However, the unpaid benefits at issue are highly important to the employees who are their ultimate recipients.

Additionally, CC's default is not simply technical – CC was served on July 17, 2011, and it has failed to file an answer or file a responsive pleading within 21 days despite having been served with the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1). There is no indication that the Plaintiffs have been substantially prejudiced by the delay involved since the proof of their claim is document-based. However, the grounds for a default judgment on CC's statutory liability for the unpaid fringe benefit contributions on behalf of CC employees, as well as prejudgment interest, and liquidated damages for the audit period from January 1, 2005, through May 31, 2007, attorney fees, and costs are well-established. Therefore, the Court will grant default judgment on the issue of liability, which establishes, as a matter of law, that CC is liable to the Plaintiffs for the ERISA cause of action – the sole cause of action

– alleged in the Complaint. *See e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

Although the well-pleaded allegations of a complaint are taken as true, those relating to the amount of damages must be proved. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994). The Court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). However, in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.,* 722 F.2d at 1323); *e360 Insight*, 500 F.3d at 602. As previously noted, the Plaintiffs rely on the affidavit of their counsel with attached exhibits in support of their claims for damages, attorney fees, and costs.

Of the $13,164.02 total damage award sought by the Plaintiffs, $10,574.02 is to recover unpaid contributions, interest, liquidated damages for the audit period from January 1, 2005, through May 31, 2007. (*See* Aff. Supp. Damages and Att'y Fees ¶¶ 2-6.) The $10,574.02 amount is substantiated by exhibit B, the Combined Crafts Statewide Audit Program report dated November 18, 2010, that provides the breakdown of the amounts of unpaid contributions, interest, and liquidated damages for the four plaintiff funds for the time

4

period from January 1, 2005 through May 31, 2007. Thus, the Court finds that the Plaintiffs have established that portion of their damages claim.

The Plaintiffs also request an award of attorney fees. Paragraph eight of the supporting affidavit states that attorney fees as of October 26, 2011, were $2,205.00 and are itemized in exhibit C. That exhibit is an itemized statement of hours dated October 27, 2011, for the time period from June 3, 2011, through October 26, 2011. The statement sets forth total of $690.00 in attorney fees for 4.60 hours ($150.00 per hour). However, it does not document the claimed amount of $2,205.00 in attorney fees. As a result, the Court will award the $690.00 in attorney fees that are documented by exhibit C. The claimed fees reflect a reasonable amount of attorney time devoted to this action at a reasonable rate. The work done in this case was largely formulaic and the legal area is one in which counsel's firm frequently practices.

The Plaintiffs have also requested the costs of prosecution. Paragraph nine of the supporting affidavit states that costs were $385.00 and refers to an itemized statement of the costs of prosecution attached as exhibit D. Of the six page exhibit, page one, entitled "statement of attorneys costs," lists $175.00 for the filing fee (a questionable figure because the fee for filing a civil action in federal district court is $350.00), and $17.50 for service of process for a total of $192.50.

Pages two and three are an itemized statement of hours dated October 27, 2011, for the time period from June 3, 2011, through October 26, 2011, which sets forth a total of

5

$825.00 in attorney fees for 5.50 hours; $135.00 more than the $690.00 for attorney fees claimed in exhibit C. The additional attorney fees reflect the inclusion of .90 hours of attorney time set forth in three additional entries for .30 hours each, with all three entries described as "Review file; Prepare legal report."

Page four is identical to the statement of attorneys costs on page one of the exhibit, while pages five and six are identical to the itemized statement of attorney fees provided as exhibit C. In short, there is a discrepancy between the claimed $385.00 amount of costs, and the supporting documentation.

In addition, the proposed order (and the amount of the total damages award) includes costs. Beyond the previously noted proof problems, Rule 54(d) of the Federal Rules of Civil Procedure states: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." As explained in *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988), "[b]y allowing the clerk to tax costs and the court to then review that taxation, Rule 54(a) establishes a procedure permitting taxing of costs without involving the district court judge, while still allowing the judge to exercise his discretion if either party complains" (citing 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2679, at 395 (2d Ed. 1983) ('The function of the court in the process of taxing costs is merely to review the determination of the clerk'); 6 J.

Moore, W. Taggart, & J. Wicker, *Moore's Federal Practice* ¶ 54.77[9], at 54-486 (2d Ed. 1988) ('The taxing of routine costs can and should ordinarily be settled by the clerk, without bothering the court by a subsequent motion for review.')."

Additionally, section 1920 of Title 28 of the United States Code provides: "[a] bill of costs shall be filed in the case." This requirement is mirrored in Civil L.R. 54 (E.D. Wis.) which states that "no later than 14 days after the entry of judgment, the party in whose favor a judgment for costs is awarded or allowed by law and who claims the party's costs must file the party's bill of costs and serve the bill of costs on all opposing parties."

In this case, the Plaintiffs are the prevailing party and an award of costs is permitted by 29 U.S.C. § 1132(g)(2). The Court awards costs to the Plaintiffs. However, the Plaintiffs must follow the statutory procedure and, after the entry of judgment, submit a bill of costs to the Clerk of Court. A form is available in the form repository which is a part of the district court's web site: www.wied.uscourts.gov

The Clerk of Court will determine the amount of costs to be taxed, and take a fresh look at any costs claimed by the Plaintiffs. Therefore, at this juncture neither the proposed $385.00 nor the documented $192.50 in costs will be included in the judgment that will be entered immediately following the entry of this Decision and Order.

The Plaintiffs also request that the Court order entry of a judgment stating that they are awarded "the amount of [total damages] together with interest at the rate allowed by law." However, "civil litigants who win money judgments in district courts are entitled to *post*

7

judgment interest" by statute. *See Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 590-91 (7th Cir. 1994) (citing 28 U.S.C. § 1961(a)). A judgment awarding postjudgment interest is redundant. *Id*. Additionally, awarding interest, without specifying whether it is prejudgment or postjudgment, creates confusion. *Id.* The Plaintiffs' damage calculations for unpaid contributions include some prejudgment interest, so they apparently seek post-judgment interest, which is redundant and unnecessary. *See id.* Therefore, the Clerk of Court should not include the provision for interest in the judgment.

Based on the foregoing, the Court grants default judgment finding that CC is liable for violating the LMRA, as amended, 29 U.S.C. § 185; ERISA, as amended, 29 U.S.C. §§ 1132, 1145; and the effective collective bargaining agreement by failing to pay fringe benefit contributions on behalf of its employees. The Court awards to the Plaintiffs against CC the total amount of damages of $11,264.02 which includes unpaid contributions, pre-judgment interest, liquidated damages for the audit period from January 1, 2005, through May 31, 2007, and attorney fees. They are also awarded costs in an amount to be determined by the Clerk of Court. Furthermore, this action is terminated.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Plaintiffs' motion for entry of judgment (Docket No. 10) is **GRANTED** as to liability and **GRANTED TO THE EXTENT** that the Plaintiffs are awarded against CC damages in the total amount of $11,264.02 for unpaid contributions, interest, liquidated

damages for the audit period from January 1, 2005, through May 31, 2007, and attorneys fees, plus costs;

> This action is **TERMINATED**; and
>
> The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly.
>
> Dated at Milwaukee, Wisconsin, this 7th day of November, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**
